IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARDEEN D BURNES, | ) | Case No. 08-42814 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID A. KELLY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09-4002 |
| | ) | |
| ARDEEN D BURNES | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO VACATE

Debtor-Defendant Ardeen D Burns requests that the Court vacate an Order granting the Plaintiff's Motion for Default Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons that follow, the Motion to Vacate will be DENIED.

On July 14, 2008, Ardeen D Burns filed a Chapter 7 bankruptcy petition. She received a discharge on November 12, 2008, and her case was closed on November 24, 2008. On December 30, 2008, Plaintiff David A. Kelly moved to reopen the case because, although the Debtor had listed him as a creditor, she provided an incorrect

address for him and, therefore, he did not receive notice of the bankruptcy in time to object to the dischargeability of his debt. The Debtor's debt to Kelly is based on a judgment he received from the Jackson County Court, in the amount of $500, representing fees for his services as guardian ad litem in a child custody case. Because he did not receive notice of the bankruptcy in time to file a nondischargeability action, the Court reopened the case to permit him to do so. On January 6, 2009, he filed this adversary proceeding, alleging that the Debtor's debt to him is nondischargeable under 11 U.S.C. § 523(a)(5). The Debtor failed to answer the Complaint, and so Kelly moved for default judgment on April 6, 2009. After the Debtor failed to respond to that motion, the Court granted the motion for default judgment by Order entered April 15, 2009. On April 24, the Debtor filed the pending Motion to Vacate, saying that she was "out of town on April 8th 2009 and wasn't able to defend [herself]." She also indicates that Kelly's efforts to collect his judgment are causing her some amount of hardship in that she is trying to repay family members who helped her in paying her attorney fees, guardian ad litem fees, and mediation fees, and states that the judgment will have a negative impact on her credit.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[1] Because the court has entered judgment on

---

[1] *See* Fed. R. Civ. P. 55(c), made applicable here by Fed. R. Bankr. P. 7055.

the Debtor's default, the relevant standard for relief is found in Rule 60(b).[2] The applicable provision of Rule 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."[3] Because the Debtor does not assert that she miscalendared the answer date or made some other mistake, nor does she say she was surprised in any way, her motion to vacate sounds of excusable neglect.

> The determination as to whether neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission. However, relief under Rule 60(b) is an extraordinary remedy. Factors to consider in this determination include (1) the danger of prejudice to the [non-movant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[4]

There is no evidence to suggest that the Debtor has not acted in good faith here. Further, the delay in filing this motion, which was filed nine days after the default Judgment was entered, is relatively minimal and, in fact, within the ten day appeal

---

[2] *In re Valley Food Servs., LLC*, 377 B.R. 207, 212 (B.A.P. 8th Cir. 2007) ("[O]nce the trial court enters judgment on the default [which is simply a notation entered by the clerk of the court that a defendant has failed to file an answer], the defendant may rely only on Rule 60(b) in seeking relief from the default judgment.").

[3] Fed. R. Civ. P. 60(b)(1), made applicable here by Fed. R. Bankr. P. 9024.

[4] *In re President Casinos, Inc.*, 397 B.R. 468, 473 (B.A. P. 8th Cir. 2008) (citing *Pioneer Investment Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 381, 113 S.Ct. 1489, 1490-91, 123 L.Ed.2d 74 (1993); additional citations omitted).

period.

However, although no one factor is determinative, the Eighth Circuit has said that "the excuse given for the late filing must have the greatest import" among the *Pioneer* factors.[5]

> A willful flouting of the time requirements contained in the rules of civil procedure or established by a court order, however, weighs strongly against a finding of excusable neglect. Thus, a party generally is not entitled to relief under Rule 60(b)(1) for excusable neglect when it was aware of a deadline but willfully disregards it.[6]

The Debtor's explanation that she was out of town on April 8 is insufficient under this standard. Her answer was due thirty days after the issuance of the Summons,[7] which was issued on January 12, 2009, and which was served on the Debtor by first class mail on January 13, 2009. Her being out of town on April 8 is, therefore, irrelevant to the question of why she failed to answer prior to the February 11 deadline. Consequently, since the Debtor does not state she was unaware of the deadline, and has stated no reason whatsoever as to why she failed to timely answer, she has offered no grounds for granting relief based on excusable neglect.

---

[5] *Lowry v. McDonald Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000), *cert. denied*, 121 S.Ct. 309 (2000).

[6] *In re Valley Food Servs.*, 377 B.R. at 214.

[7] *See* Fed. R. Bankr. P. 7012(a); *Summons and Notice of Trial in an Adversary Proceeding - Electronic Case* (Doc. #3).

4

That being said, and keeping in mind this Court's preference to hear matters on the merits, I further find that the Debtor has stated no potential defense to Kelly's Complaint, and that allowing her to continue to litigate this matter at this point would, therefore, be prejudicial to Kelly. Specifically, the Debtor has not denied Kelly's allegation that the debt is one for a "domestic support obligation" which would be nondischargeable under § 523(a)(5).

Section 523(a)(5) excepts from discharge debts for domestic support obligations. The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a bankruptcy case that is –

(A) owed to or recoverable by-

    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

    (ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-

    (i) a separation agreement, divorce decree, or property settlement agreement;

    (ii) an order of a court of record; or

> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.[8]

The debt to Kelly was established by reason of an order of a court of record, thus satisfying paragraph (C) of § 101(14A). Further, the judgment has not been assigned to a nongovernmental entity, and so paragraph (D) is satisfied.

As to paragraph (B), Kelly alleges that the Jackson County Court made a specific finding that his $500 judgment for guardian ad litem fees was "in the manner of child support and not dischargeable in bankruptcy." Although the state court's statement regarding nondischargeability is not binding here, the express finding that the fees were intended to be in the manner of child support and, as such, intended to be nondischargeable, is "extremely persuasive" as to that court's intent.[9] Guardian ad litem fees are routinely awarded as a form of child support, and the Debtor has not denied that they were in this instance. I find, therefore, that the debt satisfies paragraph (B) of § 101(14A).

---

[8] 11 U.S.C. § 101(14A).

[9] *In re Woods*, 309 B.R. 22, 27 (Bankr. W.D. Mo. 2004) ("Whether a particular debt is a support obligation . . . is a question of federal bankruptcy law, not state law. A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court.") (citation omitted).

Paragraph (A) provides that a domestic support obligation is one that is "owed to or recoverable by . . . a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative . . . or a governmental unit." I recognize that Kelly, as a guardian ad litem, is none of those persons or entities specifically listed, and that some courts have held that a guardian ad litem's fees do not fit within the definition of "domestic support obligation" for that reason.[10]

However, in *In re Kline*, the Eighth Circuit held that attorneys' fees owed directly to a former spouse's attorney, as opposed to the former spouse, can be nondischargeable under § 523(a)(5), if the other elements of that section are met.[11] In *In re Staggs*, the Honorable Frank W. Koger of this Court logically extended *Kline* to debts owed to guardians ad litem.[12] I recognize that those cases were both decided under the Bankruptcy Code as it existed prior to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), which applies to cases filed on or after October 17, 2005. The prior version of the Code, under which *Kline* and *Staggs* were decided, did not use the term "domestic

---

[10] *See, e.g., In re Greco*, 397 B.R. 102 (Bankr. N.D. Ill. 2008).

[11] 65 F.3d 749 (8th Cir. 1995).

[12] *See, e.g., Madden v. Staggs (In re Staggs)*, 203 B.R. 712 (Bankr. W.D. Mo. 1996) (applying *Kline* and further stating that "[t]he majority of courts that have addressed the issue have held that a debt for guardian ad litem fees incurred in a custody proceeding and ordered by the state court to be paid by the debtor directly to the guardian ad litem is a nondischargeable support debt under § 523(a)(5).").

support obligation." However, as discussed below, the relevant language on this issue was essentially unchanged by BAPCPA.

Specifically, the pre-BAPCPA version of § 523(a)(5) applicable in *Kline* excepted from discharge any debt –

> (5) *to a spouse, former spouse, or child* of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not the extent that –
>
> > (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
> >
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.[13]

Despite the "to a spouse, former spouse, or child" language in the then-applicable version of the Code, the Eighth Circuit held that a debt owed directly to the former spouse's attorney was nondischargeable.

In fact, the Eighth Circuit pointed out in *Kline* that the predecessor to § 523 (§ 35(a)(7) of the Bankruptcy Reform Act of 1976[14]) excepted from discharge debts "for

---

[13] 11 U.S.C. § 523(a)(5) (1988) (emphasis added).

[14] 11 U.S.C. § 35(a)(7) (1976).

alimony due or to become due, or for maintenance or support of wife or child" and did not contain the "to a spouse, former spouse, or child" language. Thus, cases under that Act had held that "an award of attorney fees, if in the nature of support, was nondischargeable even if payable to a third party,"[15] with no requirement that the debt be "to a spouse, former spouse, or child." The Eighth Circuit held that, despite the addition of that language in the 1988 version of the Code, "the statute continues to except from discharge attorney fees, even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse or of the child of the debtor."[16]

I see no substantive difference between the 1988 Code's "to a spouse, former spouse, or child" and BAPCPA's "owed to or recoverable by . . . a spouse, former spouse, or child." Consequently, I see no basis to conclude that the Eighth Circuit would interpret § 101(14A) under BAPCPA differently than it did § 523(a)(5) under the 1988 version of the Code.

As a result, even assuming that the Debtor had sufficiently established excusable neglect warranting relief from the Judgment, since the Debtor does not deny that the debt fits within § 523(a)(5), and since the purported hardship she asserts in

---

[15] *In re Kline*, 65 F.3d at 751.

[16] *Id.*

having to pay the debt is not relevant in a § 523(a)(5) action, I find that she has stated no potential defense to Kelly's Complaint. Thus, granting her relief from the Order would be prejudicial to Kelly.

ACCORDINGLY, Debtor-Defendant Ardeen D Burnes Motion to Vacate the Order granting default judgment is DENIED. Each party to bear its own costs.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 5/4/2009

Copy to: David A. Kelly
         Ardreen D. Burnes

Court to serve parties not receiving electronic notice